QUESTION: Does a board of county commissioners possess the necessary authority to perform all of the community development functions described in the Housing and Community Development Act of 1974?
SUMMARY: The Hillsborough County Board of County Commissioners possesses the necessary authority to perform all the community development functions as described in the Housing and Community Development Act of 1974. Public Law 93-383, The Housing and Community Development Act of 1974, requires that each "unit of general local government" electing to participate in the program possess certain governmental powers. The community development programs which may be assisted by the act are limited to certain types of programs. Without the power to perform the functions required by the program, a grant may not be approved by the Secretary of Housing and Urban Development pursuant to Title I. See s. 104(a)(1)-(6). The Community Development Activities eligible for assistance under Title I include the following found at s. 105: (a)(1) the acquisition of real property (including air rights, water rights and other interests therein) which is (A) blighted, deteriorated, deteriorating, undeveloped, or inappropriately developed from the standpoint of sound community development and growth; (B) appropriate for rehabilitation or conservation activities; (C) appropriate for the preservation or restoration of historic sites, the beautification of urban land, the conservation of open spaces, natural resources, and scenic areas, the provision of recreational opportunities, or the guidance of urban development; (D) to be used for the provision of public works, facilities, and improvements eligible for assistance under this title; or (E) to be used for other public purposes; (2) the acquisition, construction, reconstruction, or installation of public works, facilities, and site or other improvements — including neighborhood facilities, senior centers, historic properties, utilities, streets, street lights, water and sewer facilities, foundations and platforms for air rights sites, pedestrian malls and walkways, and parks, playgrounds, and recreation facilities, flood and drainage facilities in cases where assistance for such facilities under other Federal laws or programs is determined to be unavailable, and parking facilities, solid waste disposal facilities, and fire protection services and facilities which are located in or which serve designated community development areas; (3) code enforcement in deteriorated or deteriorating areas in which such enforcement, together with public improvements and services to be provided, may be expected to arrest the decline of the area; (4) clearance, demolition, removal, and rehabilitation of buildings and improvements (including interim assistance and financing rehabilitation of privately owned properties when incidental to other activities); (5) special projects directed to the removal of material and architectural barriers which restrict the mobility and accessibility of elderly and handicapped persons; (6) payments to housing owners of losses of rental income incurred in holding for temporary periods housing units to be utilized for the relocation of individuals and families displaced by program activities under this title; (7) disposition (through sale, lease, donation, or otherwise) of any real property acquired pursuant to this title or its retention for public purposes; (8) provision of public services not otherwise available in areas where other activities assisted under this title are being carried out in a concentrated manner, if such services are determined to be necessary or appropriate to support such other activities and if assistance in providing or securing such services under other applicable Federal laws or programs has been applied for and denied or not made available within a reasonable period of time, and if such services are directed toward (A) improving the community's public services and facilities, including those concerned with the employment, economic development, crime prevention, child care, health, drug abuse, education, welfare, or recreation needs of persons residing in such areas; and (B) coordinating public and private development programs; (9) payment of the non-Federal share required in connection with a Federal grant-in-aid program undertaken as part of the Community Development Program; (10) payment of the cost of completing a project funded under title I of the Housing Act of 1949; (11) relocation payments and assistance for individuals, families, businesses, organizations and farm operations displaced by activities assisted under this title; (12) activities necessary (A) to develop a comprehensive community development plan, and (B) to develop a policy-planning-management capacity so that the recipient of assistance under this title may more rationally and effectively (i) determine its needs, (ii) set long-term goals and short-term objectives, (iii) devise programs and activities to meet these goals and objectives, (iv) evaluate the progress of such programs in accomplishing these goals and objectives, and (v) carry out management, coordination, and monitoring of activities necessary for effective planning implementation; and (13) payment of reasonable administrative costs and carrying charges related to the planning and execution of community development and housing activities including the provision of information and resources to residents of areas in which community development and housing activities are to be concentrated with respect to the planning and execution of such activities.
Pursuant to s. 125.01(1), F.S., the legislative and governing body of a county possesses broad powers with which to carry out county government. To the extent not inconsistent with general or special law, these powers include, but are not restricted to, the power to establish and administer programs of housing, slum clearance, and community redevelopment, s. 125.01(1)(j); to provide for parks, preserves, playgrounds, recreation areas, libraries, museums, and other recreation and cultural facilities and programs, s. 125.01(1)(f); to prepare and enforce comprehensive plans for the development of the county, s.125.01(1)(g); to adopt and enforce building, housing and related technical codes and regulations, s. 125.01(1)(i); to provide and maintain county buildings, s. 125.01(1)(c); to perform any other acts not inconsistent with law which are in the common interest of the people of the county, s. 125.01(1)(w); and to exercise all powers and privileges not specifically proscribed by law, id. In addition, Part III, Ch. 163, F.S., and s. 163.370 authorize the county to undertake a broad range of community redevelopment functions which cover all phases of community redevelopment. A comparison of the programs delineated by s. 105(a) of the Housing and Community Development Act of 1974, supra, and Ch. 163 clearly demonstrates that Hillsborough County possesses ample express statutory authority to carry out the community development programs funded under the federal act. Pursuant to Ch. 163, F.S., counties are given the specific powers to acquire slum or blighted areas or portions thereof, s. 163.370(1)(a); to demolish and remove buildings and improvements in a slum or blighted area, s.163.370(1)(b); to install, construct or reconstruct streets, utilities, parks, playgrounds, and other improvements, s.163.370(1)(c); to dispose of any property acquired in the area at its fair value, s. 163.370(1)(d); to carry out plans for a program of voluntary or compulsory repair and rehabilitation of buildings, s. 163.370(1)(e); to acquire repaired or rehabilitated facilities for dwelling or guidance purposes and resales, s. 163.370(1)(f); to acquire real property in order to eliminate unhealthy, unsafe, or unsanitary conditions, lessen density, remove or prevent the spread of blight, or to provide for needed public facilities, s.163.370(1)(g); to acquire air rights in certain areas which have a blighting influence on the surrounding areas, s. 163.370(1)(h); to construct foundations and platforms necessary for the provision of air rights sites for housing, s. 163.370(1)(i); to enter into any contracts necessary to effectuate the purposes of Part III, s.163.370(3)(f). With the approval of the governing body, a county has the power, prior to approval of a community redevelopment plan, to acquire real property and pay all costs related to the acquisition, demolition, or removal, including any administrative and relocation expenses, involved in acquiring slum and blighted properties and to assume the responsibility to bear any loss that may arise if the property is not made part of the project, s.163.370(4)(a) and (b), supra; to borrow money and to apply for and accept advances, loans, grants, contributions, and any other form of financial assistance from the federal government, the state, county, or any other public body or from any other source, s.163.370(6); to include in any contract for financial assistance with the federal government conditions imposed pursuant to federal law when deemed by the municipality to be reasonable, id.; to make plans and surveys to carry out Ch. 163 and to contract with any person to make and carry out such plans, s. 163.370(7); to make and implement plans for carrying out a program of voluntary or compulsory repair and rehabilitation, s. 163.370(7)(a); to make and implement plans for the enforcement of state and local laws, codes, and regulations regarding the use of land and use and occupancy of buildings and improvement and to the compulsory repair, rehabilitation, demolition, or removal of buildings and improvements, s. 163.370(7)(b); to develop, test, and report methods and techniques and demonstrations used to prevent slums and urban blight and to apply for, accept, and utilize federal grants for such purposes, s. 163.370(8) and (9); to prepare plans to assist in the relocation of persons, businesses, and organizations displaced from a redevelopment area and to make relocation payments for expenses and loss of property for which reimbursement is not otherwise made, s. 163.370(10); to appropriate funds necessary to carry out Part III; to zone or rezone any part of the county and make exceptions from building regulations, s. 163.370(11); to close, vacate, plan, or replan, roads, sidewalks, or other places and any other part of the county, s. 163.370(12); to organize, coordinate, direct, and administer the provisions of Part III and to establish such new offices of the county or reorganize existing offices to carry out Part III. Your question is, therefore, answered in the affirmative.